**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IBRAHIM MOHAMED,

    Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior-Warden Otay Mesa Detention Center, et al.,

    Respondents.

No. 3:26-cv-02679-BTM-SBC

**JUDGMENT AND WRIT OF HABEAS CORPUS**

For the reasons set forth in the Court's order, the petition for a writ of habeas corpus is granted. On or before June 19, 2026, unless Petitioner requests a continuance, the Government is ordered to grant Petitioner an individualized bond hearing before a fair, neutral, and open-minded IJ. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024): (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of

criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States, and any other factors the IJ deems relevant in this particular case.  *See also Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).  The burden is on the Government, by clear and convincing evidence, to establish that the Petitioner is a danger to the community or a risk of flight for which there are no conditions available to him that will deter such risk.

If the IJ denies bond, the judge must make specific findings as to why Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to Petitioner's counsel.  If the Government fails to comply with this writ, Petitioner can apply to this Court for relief.  The parties are ordered to provide a joint status report within forty-eight (48) hours of the bond hearing.  The Court retains jurisdiction to enforce this writ.

**IT IS SO ORDERED.**

Dated:  June 4, 2026

Honorable Barry Ted Moskowitz
United States District Judge